IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIRVANTE BROWN, individually and by )
and through his mother and next friend, )
SONGA BROWN, )
) Civil Action No.: 09 C 4316
Plaintiff, )
) Suzanne B. Conlon, Judge
v. )
)
CITY OF CHICAGO SCHOOL DISTRICT )
299; and ILLINOIS STATE BOARD OF )
EDUCATION, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Sirvante Brown sues the City of Chicago School District 299 ("the City") and the Illinois State Board of Education ("ISBE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101112 *et seq.*, and 42 U.S.C. § 1983. Brown alleges defendants failed to provide him with the education services he is entitled to under federal law. Defendants separately filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

I. **Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court construes the second amended complaint in the light most favorable to Brown, accepting all well-pleaded allegations as true and drawing all reasonable inferences in his favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th

Cir. 2006). Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Discussion

Brown is an 18-year-old senior at a Chicago public high school. For the last eight years, he has been identified as a special needs student with a learning disability, and provided with an individualized education program ("IEP") as required by the IDEA. *See* 20 U.S.C. § 1414. Defendants have allegedly failed to provide Brown with the services, accommodations, and technology mandated and promised in Brown's annual IEPs. As a result, Brown has failed numerous courses and is ranked in the bottom 1% of his high school class. In October 2008, Brown, through his mother, sought an IDEA due process hearing. The administrative law judge determined that Brown was denied necessary special education services at times, but that Brown's failure to improve academically was largely the result of his absences, tardiness, and class conduct. Defendants were ordered to provide Brown with 80 hours of tutoring by a certified special education teacher; Brown's other requested relief was denied.

Defendants argue that Brown's IDEA claim (Count I) is time-barred. Under the IDEA, a party aggrieved by a hearing officer's decision may file a civil action within 90 days of the decision or within the time limitation established by the state. 20 U.S.C. § 1415(i)(2). Illinois requires a civil action be brought within 120 days after a copy of the hearing officer's decision is mailed to the party. 105 ILCS 5/14-8.02a(i). The 120-day limitation is strictly construed. *See Dell v. Bd. of Educ. Township H.S. Dist. 113*, 32 F.3d 1053, 1061-62 (7th Cir. 1994) (suit filed 121 days after decision was mailed was time-barred). Brown concedes that his initial complaint was filed 122 days after the hearing officer's decision was dated and mailed. *See* 2d Am. Compl. ¶¶ 38-39.

2

Nevertheless, Brown argues that equitable considerations warrant tolling the limitations period. Because the limitations period is borrowed from Illinois law, Illinois' equitable tolling principles govern. *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). It is not clear that equitable tolling would be permissible here under Illinois law, given that the 120-day limitation is an inherent part of the right of action. *Van Milligen v. Dep't of Employment Security*, 373 Ill.App.3d 532, 542 (2007). Even assuming that it *could* be applied, Brown has not met the standard for equitable tolling. In Illinois, a statute of limitations may be equitably tolled if the defendant actively misled the plaintiff, if the plaintiff was prevented in some extraordinary way from asserting his rights, or if he mistakenly asserted his right in the wrong forum. *Clay v. Kuhn*, 189 Ill.2d 603, 614 (2000). None of these circumstances are present here; Brown merely miscalculated the end of the 120-day period. This mistake does not implicate equitable tolling. Count I is dismissed with prejudice.

ISBE argues the § 1983 claim (Count II) should be dismissed because a state agency is not a "person" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Ill. Dunesland Pres. Soc'y v. Ill. Dep't of Natural Res.*, 584 F.3d 719, 721 (7th Cir. 2009). Brown does not disagree. Accordingly, Count II is dismissed against ISBE. The City contends Brown's § 1983 claim is precluded by existing consent decrees entered in *Corey H. v. Bd. of Educ. of the City of Chicago*, No. 92 C 3409 (N.D. Ill. Jan. 16, 1998 and June 18, 1999) (Gettleman, J.). The *Corey H.* decrees set forth policies, practices, and procedures for the City and ISBE to implement in order to provide children with disabilities an adequate public education. The decrees are concerned with the provision of special education services at an organizational level; they do not preclude a claim for compensatory damages and injunctive relief brought by an individual student

3

allegedly deprived of educational services guaranteed by IDEA. The City's motion to dismiss Count II is denied.

ISBE seeks dismissal of Brown's ADA claim (Count III) because Brown failed to sufficiently allege that ISBE intentionally discriminated against him on account of his disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. For purposes of the ADA, proof of discrimination may be established by showing that ISBE intentionally acted on the basis of Brown's disability. *Washington v. Indiana H.S. Athletic Ass'n., Inc.*, 181 F.3d 840, 847 (7th Cir. 1999). But it may also be established by evidence that ISBE refused to provide Brown with a reasonable accommodation after learning of his disability. *Id.* The second amended complaint alleges ISBE was aware of Brown's disability, but continuously failed to provide him with the special education services and accommodations set forth in the IEPs. The allegations are sufficient to state a plausible claim for relief under Title II of the ADA. ISBE's motion to dismiss Count III is denied.

## IV. Conclusion

For the reasons stated above, Brown's IDEA claim is dismissed with prejudice. Brown's § 1983 claim is dismissed as against ISBE only. Defendants' motions to dismiss are denied in all other respects.

ENTER:

Suzanne B. Conlon
United States District Judge

May 11, 2010

4